```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,          :
                                   :
                                   :  73 Cr. 441 (MBM)
                                   :
     -against-                     :  OPINION AND ORDER
                                   :
HERBERT SPERLING,                  :
                                   :
                Defendant.         :
-----------------------------------X
```

APPEARANCES:

BARRY M. FALLICK, ESQ.
JILLIAN S. HARRINGTON, ESQ.
(Attorneys for Defendant)
666 Third Avenue, 17th floor
New York, NY 10017

MICHAEL B. MUKASEY, U.S.D.J.

In what amounts to a motion for reargument filed almost three years after the initial decision, in violation of all applicable rules, Herbert Sperling, this time flying the flag of hired counsel, moves under the version of Federal Rule of Criminal Procedure 35(a) in effect at the time of his conviction for reduction or vacatur of his sentence, asking me to contemplate the "overall ramifications" of Richardson v. United States, 526 U.S. 813 (1999), the authority under which Sperling sought relief last time he was here on a Fed. R. Civ. P. 60(b) motion, and which I discussed in an opinion filed on June 27, 2003. United States v. Sperling, Nos. 73 Cr. 441, 81 Civ. 6378, 86 Civ. 1687, 2003 U.S. Dist. LEXIS 11214 (S.D.N.Y. June 27, 2003). Judging from the motion papers, familiarity with that prior opinion can safely be assumed if indeed there is truth in the old saying that familiarity breeds contempt.

The earlier edition of Rule 35 on which Sperling relies permits a court to "correct an illegal sentence at any time." The alleged illegality arises from the reversal of the substantive counts, which Sperling now contends -- yet again -- requires reversal of the CCE count that he thinks rests on those counts. As the excruciatingly lengthy procedural recitation in my prior opinion shows, however, and as adumbrated by the "yet again" above, Sperling has raised that argument -- which really has nothing to do with either the holding in Richardson or whatever may be its "overall ramifications" -- before, in

1

unsuccessful petitions pursuant to 28 U.S.C. § 2255, and it has been rejected.  I will not visit it again.

This motion is objectively frivolous and is denied.

SO ORDERED:

_____
Dated: New York, New York                    Michael B. Mukasey
       June 15, 2005                         U.S. District Judge

has nothing to do with either the holding in <u>Richardson</u> or whatever may be its "overall ramifications" -- before, in unsuccessful petitions pursuant to 28 U.S.C. § 2255, and it has been rejected. I will not visit it again.

This motion is objectively frivolous and is denied.

SO ORDERED:

/s/ Michael B. Mukasey

Michael B. Mukasey
U.S. District Judge

Dated: New York, New York
June 15, 2005

2